**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHESAPEAKE LIFE INSURANCE | § | |
| COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1089 |
| | § | |
| RAMONA SHAKA, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 25]

filed by Plaintiff Chesapeake Life Insurance Company ("Chesapeake").  By Order

entered January 31, 2006 [Doc. # 27], the Court directed Defendant Ramona Shaka to

file any opposition to the Motion for Summary Judgment by February 21, 2006.  The

Court also cautioned Defendant that failure to respond by the February 21, 2006

deadline could result in the entry of summary judgment in favor of Plaintiff.  Defendant

has neither filed a response in opposition to Plaintiff's Motion for Summary Judgment

nor requested additional time to do so.  Based on the Court's review of the record in

this case, including the uncontroverted evidence submitted by Plaintiff, and the

application of governing legal authorities, the Court grants Plaintiff's Motion for Summary Judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2004, Rambo Shaka applied for a life insurance policy with Chesapeake.  In early August 2004, Chesapeake issued a life insurance policy (the "Policy") to Rambo Shaka naming his wife, Defendant Ramona Shaka, as the primary beneficiary.

On August 19, 2004, Mr. Shaka was admitted to the hospital with metastatic adenocarcinoma of the lung, severe end-stage emphysema, and acute renal failure.  He was discharged on September 15, 2004, and died eleven days later.

Chesapeake determined that Mr. Shaka made a number of material misrepresentations in his life insurance application.  Most egregiously, he denied having been told about any lung disease or disorder, denied using any tobacco or nicotine products during the preceding 36 months, and otherwise provided a false medical history.

Chesapeake filed this declaratory judgment action seeking rescission of the Policy.  Mrs. Shaka filed an answer and asserted counterclaims based on the Policy, both a breach of contract claim and extra-contractual claims.

After an adequate time for discovery, Chesapeake filed the pending Motion for Summary Judgment. Defendant was given additional time to file her opposition to the Motion for Summary Judgment, and she was cautioned that failure to respond could result in the entry of summary judgment in Chesapeake's favor. Defendant has not, however, filed any opposition to the Motion or requested an extension of time to do so. The Motion for Summary Judgment, therefore, is uncontested and ripe for decision.[1]

## II.   ANALYSIS

### A.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[1]   Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. The Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

with any affidavits filed in support of the motion, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of

law." FED. R. CIV. P.  56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d

762, 764 (5th Cir. 2003).  In deciding whether a fact issue has been created, the facts

and the inferences to be drawn from them must be reviewed in the light most favorable

to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336

F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of

the nonmovant only when there is an actual controversy – "that is, when both parties

have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*,

402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating

the absence of a material fact issue with respect to those issues on which the movant

bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d

854, 860 (5th Cir. 2004).  The movant meets this initial burden by showing that the

"evidence in the record would not permit the nonmovant to carry its burden of proof

at trial." *Smith  v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must go beyond the pleadings

and designate specific facts showing that there is a genuine issue for trial. *Littlefield*

*v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc.*

*v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)).  The nonmovant's burden is not met

by mere reliance on the allegations or denials in the nonmovant's pleadings.  *See*

*Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *Zucker*

*ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847

(S.D. Tex. 2005).  Additionally, it is not the function of the court to search the record

on the nonmovant's behalf for evidence which may raise a fact issue.  *See Complaint*

*of Port Arthur Towing Co.*, 42 F.3d 312, 318 (5th Cir.), *cert. denied*, 516 U.S. 823

(1995); *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir.), *cert. denied*, 506

U.S. 825 (1992).  In the absence of proof, the Court will not assume that the

nonmovant could or would prove the necessary facts.  *See Burns v. Harris County Bail*

*Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

### B.    Rescission Based on Material Misrepresentations

Under Texas law, an insurer is entitled to rescind an insurance policy based on

the insured's misrepresentations by showing: (1) that the insured made a representation;

(2) the representation was false; (3) the insurer relied on the representation when it

issued the insurance policy; (4) the insured made the misrepresentation intending to

deceive the insurer; and (5) the misrepresentation was material to the risk at the time

the policy was issued or the condition misrepresented contributed to the insured's death

or other loss.  *See Union Bankers Ins. v. Shelton*, 889 S.W.2d 278, 282 (Tex. 1994)

(citing *Mayes v. Massachusetts Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex.1980));

*see also Parsaie v. United Olympic Life Ins. Co.*, 29 F.3d 219, 220 (5th Cir. 1994);

*Williams v. Amerus Life Ins. Co.*, 2005 WL 1847111, * 5 (S.D. Tex. Aug. 3, 2005).

In this case, the uncontroverted evidence establishes that Mr. Shaka made a various representations that were demonstrably false. Mr. Shaka stated that he had not, during the past ten years, had, or been told he had, or received treatment for a lung or respiratory disease or disorder, and that he had not had any abnormal diagnostic tests. He stated that his last visit with his personal physician, Dr. Kennedy, involved a normal physical and he answered that he had not in the past ten years consulted with any other medical advisor. The uncontradicted evidence, however, shows that a CT scan in April 2003 revealed irregular masses in Mr. Shaka's lungs. Mr. Shaka was advised of this abnormal CT scan by Dr. Kennedy, and was referred to a pulmonary specialist, Dr. Daas. Dr. Daas discussed the CT scan with Mr. Shaka and, because he suspected malignancy, recommended a needle biopsy. Therefore, by the time he submitted his application with Chesapeake in July 2004, Mr. Shaka knew that he had a large abnormal mass in his lung, that his February 2003 visit with Dr. Kennedy involved substantially more than a normal physical, and that Dr. Daas suspected the lung masses were malignant.

Mr. Shaka also stated in his application that he had not used tobacco or nicotine products within the preceding 36 months, although he told Dr. Daas in April 2003 that he had smoked a pack of cigarettes per day for the past twenty years.

Chesapeake has also presented uncontroverted evidence that it relied on the misrepresentations in deciding to issue the Policy, and that the misrepresentations related to Mr. Shaka's lung condition which contributed to his death less than two months after the Policy was issued.

Plaintiff must also prove that the misrepresentations were made with the intent to deceive Chesapeake. Under Texas law, "[t]he utterance of a known false statement, made with intent to induce action . . . is equivalent to an intent to deceive." *Union Bankers*, 889 S.W.2d at 282, n.7. The medical records establish that Mr. Shaka had information that his representations on the application were false. He told Dr. Daas, whom he failed to disclose on the application, about his smoking history. Mr. Shaka's sister, Regina McCray, confirmed in her affidavit that Mr. Shaka knew he had emphysema and that he had significant lung problems. Mr. Shaka made these known misrepresentations in his application to obtain life insurance from Chesapeake. The undisputed evidence that Mr. Shaka made known false statements with the intent to induce Chesapeake to issue the Policy satisfies Chesapeake's burden to show Mr. Shaka's intent to deceive.

Chesapeake has satisfied all five requirements for rescission of the Policy based on material misrepresentations in the application.  As a result, Chesapeake is entitled to rescission of the Policy and to summary judgment on Mrs. Shaka's counterclaims based on the Policy.

## III.   CONCLUSION AND ORDER

The uncontroverted evidence in the record establishes that Rambo Shaka knowingly made a number of material misrepresentations in his application for life insurance with Plaintiff.  As a result, Plaintiff is entitled to summary judgment on its complaint seeking rescission of the Policy.  Additionally, Plaintiff is entitled to summary judgment on Defendant's counterclaims, both contractual and extra-contractual.  It is, therefore,

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 25] is **GRANTED**.   Plaintiff is entitled to rescission of the Policy and Defendant's counterclaims are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **24th** day of **February, 2006.**

_____
Nancy F. Atlas
United States District Judge