**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHESAPEAKE LIFE INSURANCE | § | |
| COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1089 |
| | § | |
| RAMONA SHAKA, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Ramona Shaka's letter to the Court's case manager dated March 3, 2006 [Doc. # 31], which the Court will treat as a Motion for Reconsideration. The Court had directed Defendant to file any opposition to Plaintiff's Motion for Summary Judgment by February 21, 2006. Defendant filed her response by the February 21 deadline, but failed to deliver a courtesy copy as required by the Court's Procedures. Because Defendant had not delivered a courtesy copy to the Court's chambers and because the response was not docketed until mid-afternoon on February 24, 2006, the Court was unaware that the response had been filed when it issued its Memorandum and Order granting Plaintiff's Motion for Summary Judgment earlier that same day.

The Court has now thoroughly reviewed Defendant's response [Doc. # 30]. Because the response does not present evidence which raises a genuine issue of material fact, Plaintiff remains entitled to summary judgment and Defendant's March 3, 2006 letter, treated as a Motion for Reconsideration, is denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

As stated in the Memorandum and Order issued February 24, 2006 [Doc. # 28], Defendant's husband, Rambo Shaka applied for a life insurance policy with Plaintiff Chesapeake Life Insurance Company ("Chesapeake").  Chesapeake issued the life insurance policy (the "Policy") in early August 2004 and, on August 19, 2004, Mr. Shaka was admitted to the hospital with metastatic adenocarcinoma of the lung, severe end-stage emphysema, and acute renal failure.  He was discharged on September 15, 2004, and died eleven days later.

Having determined that Mr. Shaka made a number of material misrepresentations in his life insurance application, Chesapeake filed this declaratory judgment action seeking rescission of the Policy.  Defendant filed an answer and asserted counterclaims based on the Policy, both a breach of contract claim and extra-contractual claims.

## II.    RESCISSION BASED ON MATERIAL MISREPRESENTATIONS

Under Texas law, an insurer is entitled to rescind an insurance policy based on the insured's misrepresentations by showing: (1) that the insured made a representation; (2) the representation was false; (3) the insurer relied on the representation when it issued the insurance policy; (4) the insured made the misrepresentation intending to deceive the insurer; and (5) the misrepresentation was material to the risk at the time the policy was issued or the condition misrepresented contributed to the insured's death or other loss.  *See Union Bankers Ins. v. Shelton*, 889 S.W.2d 278, 282 (Tex. 1994) (citing *Mayes v. Massachusetts Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex.1980)); *see also Parsaie v. United Olympic Life Ins. Co.*, 29 F.3d 219, 220 (5th Cir. 1994); *Williams v. Amerus Life Ins. Co.*, 2005 WL 1847111, * 5 (S.D. Tex. Aug. 3, 2005).

In this case, Plaintiff presented evidence that Mr. Shaka made a number of representations that were demonstrably false.  Mr. Shaka stated that he had not, during the past ten years, had, or been told he had, or received treatment for a lung or respiratory disease or disorder, and that he had not had any abnormal diagnostic tests. He stated that his last visit with his personal physician, Dr. Kennedy, involved a normal physical and he answered that he had not in the past ten years consulted with any other medical advisor.

Plaintiff's evidence, however, shows these representations to be false. Plaintiff presented evidence that a CT scan in April 2003 revealed irregular masses in Mr. Shaka's lungs.  Mr. Shaka was advised of this abnormal CT scan by Dr. Kennedy, and was referred to a pulmonary specialist, Dr. Daas.  Mr. Shaka saw Dr. Daas, who discussed the CT scan with him.  Dr. Daas, suspecting that the masses indicated a malignancy, recommended a needle biopsy.

Defendant argues in her unsworn statement submitted in connection with her response that she believes her husband answered the questions to the best of his ability.  There is no evidence in the record, however, that Mr. Shaka had language difficulties or for any other reason could not understand the clear, simple, and unambiguous questions in the insurance application.

Defendant also submits a sworn statement of a neighbor and family friend, who indicates that Mr. Shaka was a loving son, husband, and father.  The affiant also states that she did not know Mr. Shaka was sick.

These opinions, however, do not contradict Plaintiff's strong evidence regarding the misrepresentations on the insurance application.  As a result, Defendant has failed to present evidence that raises a genuine issue of material fact and Plaintiff remains entitled to summary judgment.

## III.    CONCLUSION AND ORDER

As discussed in the February 24 Memorandum and Order, the uncontroverted evidence in the record establishes that Rambo Shaka knowingly made a number of material misrepresentations in his application for life insurance with Plaintiff. Defendant's response fails to present evidence that raises a genuine issue of material fact and, accordingly, it is hereby

**ORDERED** that Defendant's March 3, 2006 letter, treated as a Motion for Reconsideration [Doc. # 31] is **DENIED**.  The Final Judgment issued February 24, 2006 [Doc. # 29] remains in full force and effect, and the time for Defendant to file a Notice of Appeal begins to run with the issuance of this Memorandum and Order.

SIGNED this **8th** day of **March, 2006.**

Nancy F. Atlas
United States District Judge